## WALLSWORTH *against* MEAD AND GREEN.

IN ERROR, on *certiorari*, from a justice's court. *Mead* and *Green*, as overseers of the poor of the town of *Norwich*, brought an action of debt against *Wallsworth*, before the justice, to recover 25 dollars, on an order of bastardy, made by two justices of the peace, the 18th of *September*, 1801, which required *W.* to pay the weekly sum of 75 cents to the overseers of the poor, for the first year the child should be chargeable to the town, and 50 cents for every week thereafter that the child remained chargeable. The plaintiffs demanded 75 cents a week, from the date of the order to the 10th of *May*, 1811. The defendant pleaded the general issue, and, specially, that no suit would lie on the order, it being illegal and void. The order, which was produced and read, directed the defendant to pay the weekly sum of 75 cents for 12 months, provided the child was so long chargeable.

The defendant produced in evidence a recognisance, dated the 28th *August*, 1810, taken for his appearance at the next general sessions of the peace, to abide and perform such order and orders, as should be made pursuant to law. He also gave in evidence

An action lies by the overseers of the poor, on an order of bastardy to recover of the putative father, the weekly sum directed by such order to be paid for the maintenance of the child. Such order, unless appealed from, is conclusive on the defendant. It is *prima facie* evidence of the plaintiff's demand; and it lies on the defendant to show its reversal or modification by the sessions, or other matter of discharge.

NEWYORK,     another recognisance, taken at the sessions, in *October*, 1810, for
Oct. 1812.   his appearance at the then next sessions.   It appeared from the
WALLSWORTH   record of the court, that the defendant, at the sessions in *Ja-*
    v.       *nuary* following, was discharged from his recognisance.   The
  MEAD.      plaintiffs objected to this evidence, but it was admitted by the jus-
             tice.

    The plaintiffs then offered parol evidence to explain for what, and how the recognisances were taken and discharged. The defendant objected to such parol proof, but it was admitted by the justice. It was proved, that after notice of the order was served on the defendant, the plaintiffs received notice of an intended appeal from the order, to the *October* sessions. At the sessions, in *October*, the appeal was moved, and objected to by the plaintiffs, for want of sufficient notice in writing. The appeal was continued over to *January*, when the defendant appeared, and refused to prosecute his appeal, and his recognisance was thereupon discharged.

    The defendant then objected that the plaintiffs were not entitled to recover, without showing that the child had actually been chargeable. The justice admitted the order as *prima facie* evidence of the child's being chargeable ; but said that the defendant might show payment, or that the child had been maintained without any expense to the town. No such evidence was given, and the justice gave judgment for the plaintiffs, for 25 dollars.

    *Per Curiam.* The principal objection relied upon in this case is, that no action will lie upon the order in question. The objection is untenable. That order is an adjudication of a court of magistrates of competent authority, and conclusive upon the defendant, unless appealed from to the general sessions. Whether such appeal had been made, or can now be made, were questions not properly before the court. It was enough for the justice that such order was in full force, and not reversed or modified by the sessions. It was equivalent to a judgment that the defendant should pay the weekly sum of 75 cents. The order was *prima facie* evidence of the demand ; and it rested with the defendant to show himself exonerated from the payment, in order to avoid the recovery against him. This seems to be the light in which such orders were held by this court, in the case of *Sweet* v. *The Overseers of Clinton.* (3 *Johns. Rep.* 26.) The judgment must, therefore, be affirmed.

                         Judgment affirmed.