## The People *vs.* Corbett & Easton.

Where surety is given to perform the order of two justices made under the
*bastardy act,* charging the reputed father with the payment of money weekly
for the support of the child, *an order of a justice of the peace* is not necessa-
ry to authorize the expenditure of money in support of the child.

In an action on the , recognizance, it is not necessary to prove the actual ex-
penditure of money in the support of the child ; the order and the recogni-
zance are *prima facie* evidence of the child's being chargeable, and of his
having been maintained by the town ; if matter in discharge exists, it must be
shewn by the defendants.

The extent of the liability of the defendants is definitively settled by the order
and recognizance ; no assignment of breaches or assessment of damages
is necessary, the defendants having no right to enquire what amount has
been expended.

Evidence that the mother is of sufficient ability to support the bastard child ,
is not admissible in discharge of the defendants ; *it seems,* however, that
proof of her having in fact maintained the child would be proper.

The surety given under the first section of the bastardy act. need not be sued
in the *common pleas,* or be prosecuted by the *clerk of the county,* where there
has been no appeal from the order of the justices.

Were it necessary that the suit should be brought in the common pleas, on
a motion in arrest in this court, in support of its jurisdiction the court would
presume that the cause had been removed into this court by *habeas cor-
pus.*

Where there is no appeal, the security taken need not be *returned* to the gen-
eral sessions ; nor is it necessary that it should be *filed* to make it effec-
tual.

A *joint* suit may be maintained though the recognizance be *several.*

This was an action of *debt on recognizance,* tried at the ,
Washington circuit in November, 1829, before the Hon. Esek
Cowen, one of the circuit judges.

In the first count of the declaration it is stated, that on the
25th November, 1826, Corbett & Easton came before two
justices of the peace of the town of Putnam, in the county of
Washington, and by a certain recognizance sealed with their
seals, *severally* acknowledged themselves to owe to the people
of the state of New-York, each the sum of $500, to be levied
of their respective goods, &c. upon the condition that, whereas
by an order under the hands and seals of the said two justices,
Corbett was adjudged to be the reputed father of a male bas-

ALBANY,
Jan. 1832.

The People
v.
Corbett.

tard child lately born of the body of B. W. of the town of
Putnam, single woman, and was further adjudged and ordered
to pay to the overseers of the poor of Putnam, on the day of the
date of the order, the sum of $6,$\frac{57}{100}$, and the further sum of
$\frac{75}{100}$, at the end of each week thereafter, for the maintenance
of the said child, as by the order, reference being thereunto
had, would more fully appear ; then if Corbett should perform
the order, *or* personally appear at the next general sessions of
the peace, to be holden in and for the county of Washington,
and abide such order as the justices of the peace in their ses-
sions should make, if they made any, and if they made none,
then to abide and perform the order before made, *the recogni-
zance to be void, otherwise of force.* Then follows an avement,
that neither of the defendants had observed or performed the
condition of the recognizance, and on the contrary thereof,
had neglected and refused so to do, whereby and by force of
the statute, an action had accrued to demand and have of the
defendants $500, parcel of the sum demanded ; concluding
that the defendants had not paid, &c. although often request-
ed, &c. The *second count* states that on, &c. before A. B. and
C. D. two of the justices of the peace of the town of Putnam,
personally came the defendants, and according to an act, en-
titled " An act for the relief of cities and towns from the main-
tenance of bastard children," entered into a recognizance in
the words and figures following, to wit, (setting forth the re-
cognizance *verbatim,* which is substantially the same as reci-
ted in the first count.) It is then averred that Corbett did not
appear at the next general sessions of the peace, that the jus-
tices in their sessions did not make any order in the premises,
that Corbett did not appeal from the order of the two justices,
and had not in any manner observed and kept the same, but
had refused so to do ; and further, that neither of the defend-
ants had performed the condition of the recognizance, and had
refused so to do, although the bastard child had been and still
remained chargeable upon the town of Putnam, whereby an
action had accrued to demand and have other $500, part, &c.
concluding that the defendants had not paid, &c. The *third
count* sets forth the order made by the two justices in *hæc verba*
and states that after notice of the same to Corbett, he and

Easton, for the purpose of putting in the surety to perform the order required by the *first section* of the *bastardy act*, appeared before the two justices and entered into a recognizance, setting it forth *verbatim*, the same as stated in the first count. It is then averred that the bastard child was still living, and chargeable to the town of Putnam, that Corbett had not paid the sum of $6$\frac{57}{100}$ directed by the order to be paid, nor the sum of $\frac{75}{100}$ at the end of each and every week, nor did he appeal to the general sessions, nor appear at the sessions, nor did the sessions make any order in the premises; and further, that the defendants had not performed the condition of the recognizance, whereby an action accrued to demand and have other $500, part, &c. conclusion, that the defendants had not paid, &c. In the *fourth count*, after reciting the order and the recognizance, it was averred that Corbett did not appear at the next general sessions, that the sessions did not make any order, that Corbett did not perform what was required of him by the order, and that neither of the defendants had fulfilled or kept the condition of the recognizance, whereby an action had accrued to demand other $500, the residue of the sum demanded; conclusion, that the defendants had not paid, &c. The suit was commenced in February term, 1828, the plaintiffs suing by *Samuel Stevens*, their attorney, without any allegation that he was clerk of the county of Washington. The defendants pleaded *nil debent*.

On the trial of the cause, the plaintiffs produced and proved the *recognizance* declared upon, and also the *order* therein mentioned, and proved by D. Williamson, who, at the date of the order, was an overseer of the poor of the town of Putnam, and had so continued until the time of the trial, that the bastard child in the order mentioned had, from the time of the making of the order down to the day of the trial, been chargeable to, and maintained by the town of Putnam. This evidence was objected to by the defendants, on the ground that overseers of the poor have not the right to make advances for the maintenance of a bastard child, without an order of a justice of the peace first made, according to the provisions of the 25th section of the act for the relief and settlement of the poor, 1 R. L. 287; but the objection was overruled. The plaintiffs

rested. The defendants then proved the payment of $16, in full of the monies which could be claimed under the order up to 20th February, 1827, and *offered* to prove that since that period the mother of the child had been amply able to support the child ; which evidence was objected to, and rejected. The jury, under the direction of the judge, found a verdict for the plaintiffs for $500 *debt*, six cents *damages* and six cents costs. The defendants moved in *arrest of judgment*, and if unsuccessful, then for a new trial on a case made.

ALBANY,
Jan. 1832.

The People
v.
Corbett.

*J. L. Wendell*, for the defendants. In support of the *motion in arrest :* This court have not jurisdiction of this matter, the suit should have been brought in the *common pleas* of the county where the defendant might be found, and should have been prosecuted by the clerk of the county. 1 R. L. 308, § 5. The statute is imperative. This case is distinguishable from *The People* v. *Van Eps*, 4 Wendell, 387 ; there the suit was on a recognizance to appear at the oyer and terminer ; in relation to recognizances of that kind, there is no legislative direction as to the court in which they shall be prosecuted. The several counts in the declaration are bad also, in not averring that the recognizance was filed in, or made a record of a court ; a recognizance, strictly speaking, does not become a recognizance or *debt of record* until it is filed or recorded in the court in which it is returnable. 4 Wendell, 393. Besides, the statute in this case contemplates it should become a record of the sessions, by placing it under the direction of that court. So also, each count is bad, in joining *separate* liabilities ; in an action *ex contractu* against several, it must appear on the face of the pleadings that the contract was *joint ;* if the reverse appear, it may be objected in arrest. 1 Chitty's Pl. 31. 7 T. R. 352.

In support of the motion for a new trial : The evidence that the bastard child had been chargeable to and maintained *by the town* of Putnam, ought not to have been received without proof of an order from a justice. The object of the recognizance is the indemnity of the town, and if the town has not been damnified, no action lies. Now, although the overseers of the poor of the town may have maintained the child, and

provided sustenance for him, if the money was expended by them *without an order of a justice*, it was a *voluntary payment*, and afforded no cause of action against the defendants. The *discretion* in determining who shall be maintained at the expense of a town, is not entrusted to an *overseer* alone : a *justice* of the peace must concur with him ; and even then, if the overseer expends monies *without an order* from the justice, the statute declares that he shall lose all such monies, and that no allowance therefor shall be made to him in passing his account. 1 R. L. 287, § 25. id. 289, § 28. Monies, therefore, cannot be legally expended by a town in the maintenance of any person, a charge to the town, unless authorized by an order from a justice. In *Simpson and others* v. *Johnson and others*, Douglass' R. 7, which was an action on a bond to indemnify a town against the charge of a bastard child, where the overseer had made advances for the support of the child without the order of a justice allowing such expenditure, Lord Mansfield held the payment to be voluntary, and gave judgment for the defendants. A different doctrine was held in *Hays* v. *Bryant*, 1 H. Black. 253, but the decision in the K. B. should be preferred to that in the C. P. as the former is in consonance with the provisions of our poor laws, and the latter in direct opposition. Again ; the evidence offered by the defendant, that the mother was of sufficient ability to support the child, and ought to have been received, for it would have conclusively shewn that the advances by the overseers had been *voluntary*, and if so, the defendants could not be liable.

*S. Stevens*, for plaintiffs. The instrument declared on is not a recognizance, within the meaning of the fifth section of the bastardy act, so as to render it necessary that it should be sued in the court of common pleas, and be prosecuted by the clerk of the county. The putative father having neglected to appeal to the general sessions, as he had a right to have done, it is simply a security to perform the order made by the two justices for the indemnity of the town. The condition of the instrument is in the alternative, viz. to perform the order, or to appear at the next general sessions and abide such order as shall there be made. The putative father not having appealed from

the order, it became conclusive upon him; 3 Johns. R. 26; 16 id. 155; and no necessity existed for returning it to the sessions. The statute does not require it to be returned, and not having been returned, the sessions acquired no control over it. In the case of *The People* v. *Reylea*, 16 Johns. R. 155, an action on a similar instrument was sustained by this court. But if the instrument be considered as embraced within the terms of the fifth section of the bastardy act, this court having general unlimited jurisdiction, cannot be deprived of such jurisdiction by implication. The act does not declare that a suit on such instrument shall not be brought in this court. Besides, by pleading to the action, and not in abatement, the defendants cannot now allege the want of jurisdiction in arrest of judgment. It does not appear on the face of the record that the court has not jurisdiction; and for aught that does appear, the suit may originally have been commenced in the common pleas, and removed into this court by the defendants by *habeas corpus*. In a court of general jurisdiction, every thing is presumed in favor of its jurisdiction, and if a party claim to oust it of its jurisdiction, he must affirmatively shew that by no possibility could it take cognizance of the matter in controversy.

As to the motion for a new trial: The verdict was correctly rendered for the penalty; this case not being within the provisions of the statute requiring an assignment of breaches and an assessment of damages. 16 Johns. R. 155. The order made by the justices not having been appealed from, is conclusive. Where a bond is conditioned for the payment of several sums of money, a single breach in the non-payment of either of the sums specified, is a forfeiture of the whole bond, and entitles a plaintiff to judgment for the whole penalty. 9 Johns. R. 334. In such case, if too much is directed to be levied, the court will set aside the execution; but in this case the plaintiffs are entitled to the whole penalty. 16 Johns. R. 155. The evidence was abundantly sufficient to warrant the verdict; the order and recognizance were *prima facie* evidence of the demand, and if the defendants were entitled to be exonerated from liability, it is incumbent upon them to shew the facts which discharged them. No proof, further than the production of the order and recognizance, was necessary, on the part of the

plaintiffs ; and whether the defendants' exception to the additional proof given by the plaintiffs be well taken or not, is wholly immaterial.   The 25th section of the " act for the relief and settlement of the poor," has no application to this case ; it applies only to cases of applications by a poor person to an overseer for relief; and even in such cases, after an order is made for a weekly allowance, no further order is necessary, whilst the first remains in force.   Here the order made for the reputed father to pay $\frac{75}{100}$ weekly, was virtually an order to the overseers to expend that sum in the maintenance of the child ; it surely could not be necessary for the overseer to obtain an order authorizing the expenditure of that sum.   The proof of the ability of the mother to support the child was properly rejected ; she was under no greater obligation, either legal or moral, than the reputed father, to support the child.   The ability of either did not relieve the town, so long as neither of them supported the child.   It was not offered to be shewn that either of them had supported him, or that the town had been indemnified.

*By the Court*, SUTHERLAND, J.   The provisions of the 25th section of the act for the relief and settlement of the poor, are not applicable to a case like this.   It provides for the case of a poor person applying to the overseer of the poor for relief, and directs the overseer in such case to apply to a justice of the peace, who, together with such overseer, shall inquire into the circumstances of the person so applying, and if they shall find that he requires relief, the justice is to give an order in writing to the overseer, to make such allowance weekly or otherwise to such pauper as he shall think his necessities may require, and the overseers are prohibited from making any other allowance.   Now the case at bar is not the case of a pauper applying for relief, but the case of a bastard child, chargeable upon the town ; and, for the purpose of relieving the town, any town justices of the peace are authorized to make an order, charging the mother or reputed father with the payment of a weekly sum for the support of such child.   1 R. L. 306.   Such order was made in this case, and the defendants entered into a bond or recognizance, the condition and legal

effect of which was, that they would fulfil the order and pay the weekly sum directed to be paid by the reputed father. It was not, I apprehend, necessary for the plaintiffs to prove the actual expenditure of money in support of the child, in order to entitle them to recover. The order and recognizance were *prima facie* evidence of the child being chargeable, and if necessary, of his having been maintained by the town. It was for the defendants to shew themselves exonerated from the payment in some way or other, in order to avoid recovery against them. 3 Johns. R. 26. 9 id. 368. 8 Cowen, 623. A further order of a justice was not necessary to authorize the overseers to support the child, and the defendants have no right to enquire what amount was expended for that purpose as the extent of their liability is definitely settled by the order and recognizance. The evidence given, however, if any were necessary, was competent and sufficient.

The evidence offered by the defendant that the mother of the child had been, and was amply able to support it, was properly rejected. The child did not cease to be chargeable to the town in consequence of the *ability* of the father or the mother to maintain it. The offer was not to shew that the mother *had in fact maintained* the child. The mother is under no higher or stronger obligation to support her illegitimate child than the father is, and the father cannot escape the responsibility which has been fixed upon him by an order and recognizance, such as these, by proving the ability of the mother to provide for the sustenance of the child. If either father or mother, though able, do not support the child, it is a town charge, and the town must provide for it.

As to the motion in arrest of judgment. The principal ground relied upon in support of this motion is, that this court has not jurisdiction of the cause; that the suit should have been prosecuted in the court of common pleas of the county where the recognizance was taken, by the clerk of the county, according to the provisions of the 5th section of the act for the relief of cities and towns from the maintenance of bastard children. 1 R. L. 208. That section enacts, that if any reconizance in any case concerning bastardy shall become forfeited, such recognizance shall not be estreated and sent into the court of

exchequer, but the court of sessions of the peace, to which such recognizance *may be returned,* shall direct the clerk of the city or county to prosecute a suit upon the recognizance, in the court of common pleas of the city or county where the person or persons who entered into such recognizance can be found. It is recognizances *which may have been returned to a court of sessions,* which are to be collected by the clerk of the county, &c. The court of sessions have no jurisdiction of the matter, until the recognizance is returned to that court and becomes a record. It is to recognizances, therefore, which ought to be thus returned and filed, that this section applies. Such are the recognizances to be taken under the second and fourth sections of the act. It is the only condition of those recognizances, that the party will appear at the next general sessions of the peace, and abide and perform such order as shall then be made. Those recognizances are of course returned to such court, and if forfeited, are to be prosecuted according to the provision of the 5th section. But the security to be taken under the 1st section of the act is essentially different. Under that section an order is to be made by two justices, charging the reputed father or the mother with a weekly sum for the support of the child; and if such order is not performed, the party is to be committed to jail, "unless he or she put in sufficient *surety* to perform such order, or personally to appear at the next general sessions of the peace, &c. and also to abide such order as the said justices of the peace, &c. in their said sessions, shall make in that behalf, if they then and there shall make any; and if they shall make no other order, then to abide and perform the order before made." The 9th section of the act gives the right of appeal to the general sessions, to any person who shall think himself aggrieved by any judgment or order of any two justices of the peace made by virtue of this act; and the 10th section directs the manner in which the appeal is to be conducted. If there is no appeal from the order of the justices, it is conclusive upon the party, and he is bound to perform it, 3 Johns. R. 22; 16 id. 155; and where there is no appeal, the security given under the first section becomes, in legal effect, a security for the performance of the order made by the justices. In such a case, there can be no ne-

cessity for returning it to the court of sessions. The act does not in terms require that it should be so returned, and it is understood to be the general practice not to return it, where there is no appeal; and even where there is an appeal, if the order of the justices is affirmed, it is said to be the practice to send the security back to the overseers of the poor of the town where the order was made, to be used by them for the purpose of enforcing a performance of the order. It is to be remarked also, as a circumstance of some weight, that the 5th section speaks only of *recognizances*, and the *security* required by the 1st section is not called a recognizance, but the party is merely directed to put in sufficient surety. On the whole, I am inclined to the opinion that the provisions of the 5th section of the act are not applicable to a case like this, and that this suit is properly brought in this court.

There is force also in the suggestion, that if that section did apply, *non constat* but that the suit may have been originally commenced in the court of common pleas, and removed into this court by the defendants by *habeas corpus;* the fact of such removal, if it existed, would not appear upon the record, and every presumption may be indulged which is consistent with the record, in the case of a court of general jurisdiction, in order to support its proceedings, when they are attacked on the ground of a want of jurisdiction.

It is said the declaration is bad because the recognizance is *several* and not joint, and the defendants are jointly sued. This objection is answered by a reference to the 14th section of the act for the amendment of the law, &c. 1 R, L. 521, which expressly provides that when two or more persons are bound in one bond or recognizance, jointly and severally, or *severally only*, it shall be lawful in every such case *to join all the obligors* in such bond or recognizance, or any part of them, *in one action.*

The objection, that the declaration should have averred that the recognizance was filed or made a matter of record, is disposed of by what has already been said in answer to the objection to the jurisdiction of the court. It was not necessary that it should be filed or made a matter of record.

All the counts in the declaration appear to me to be substantially good, and the motion in arrest must be denied.

The case of *The People* v. *Relyea*, 16 Johns. R. 155, decides expressly that this is not a case for the assignment of breaches and the assessment of damages, under the 7th section of the act for the amendment of the law, 1 R. L. 518.

Motion for new trial, and motion in arrest denied.