OVERSEERS OF THE TOWN OF HEBRON *vs.* ELY.

The order of filiation adjudging a bastard child chargeable to the town or county, and fixing the allowance to be paid by the putative father for the child's sustenance, is conclusive upon him, unless reversed or modified on appeal; and in an action on such order the onus lies upon him to show that he has been discharged from the obligation. (a)

It is no defence to such an action that the town or county has not, in fact, been subjected to the expense of maintaining the child.

A former suit on the same order is no bar to the present suit; at most, it covered only a portion of the allowance for which the suit is brought.

A suit on such an order can not be brought by the overseers of the poor of the town in their name of office; it should be in their individual names, with the addition of office.

*It seems* that, where the distinction between town and county poor has been abolished, the order of filiation may make the allowance payable to the overseers of the poor of the town, as well as to the county superintendents.

THIS is an action of debt brought upon an order of filiation, in which the defendant was adjudged to pay to the plaintiffs the sum of $20, the amount of expense for the lying in of Jane Moncrief, he being the reputed father of her bastard child, and the further sum of fifty-six cents per week for the support of said child, and to indemnify the county, &c.; payable weekly.

The order bears date, July 1, 1828. The overseers had heretofore recovered the sum in gross, and the weekly allowance down to the 3d April, 1828; and this action is brought to recover the weekly sum from that date down to the commencement of the suit, October, 1839.

Jane, the mother, has always lived with her father, and she and the child have been supported by him with an un-

(a) See *Stowell* v. *Overseers, &c., of Volney*, 5 Den., 98.

derstanding that he was to receive as compensation therefor the above weekly allowance. The money recovered was paid over to him in pursuance of this arrangement by the overseers, and a promise made by them to pay over the accruing allowance as fast as collected.

The father has again called upon them for the money, but they have paid him nothing since; not having been able to collect any thing of the defendant. They commenced a previous suit before H. Mathews, a justice, against him to collect the amount due, but were nonsuited on the trial, and nothing has been paid by defendant since. In April, 1830, Moncrief's family, including Jane and her child, moved over the line into the state of Vermont, where they have since resided.

The defendant, in the course of the trial, proposed to inquire whether the town or county had been put to any expense since the lying in of the mother, in the support and maintenance of the child; which was objected to and disallowed. The plaintiffs rested. And the counsel for the defendant moved for a nonsuit on the ground, 1. That plaintiffs had not shown that the town or county had been damnified. 2. That there was no proof of notice given to the defendant of the order. 3. That the order was defective and void, as the weekly allowance should have been made payable to the superintendents of the poor. 4. That the distinction between town and county poor having been abolished in Washington county by the act of 1827, no action could be maintained by the overseers; it should have been in name of superintendents. 5. That the action could not be sustained in the name of office as overseers, but should have been in the individual names of the incumbents with the addition of·office, &c. 6. That the trial before the justice, in which the plaintiffs failed to recover, was a bar to the action. The court denied the motion and defendant excepted.

The defendant then offered to prove that the plaintiffs had brought an action before H. Mathews, a justice, on this order, for the same cause of action, 17th November, 1828. That issue was joined, and cause tried, and judgment rendered for the defendant on the merits 16th December, 1828,

which was claimed to be in bar of the action. The evidence was objected to and overruled, on the ground, among other things, that there was no plea, or notice of the judgment, or defence interposed by the defendant.

The defendant then offered to prove, that neither the town of Hebron, nor county of Washington, had been put to any expense in supporting and maintaining the child and hence not damnified; that the child had never been chargeable to the town or county, but had been maintained without any expense to either. This was objected to and rejected as the order was conclusive evidence against the defendant until vacated, that the plaintiffs were entitled to recover the amount due down to the trial when the family removed to the state of Vermont.

The defendant has made a bill of exceptions to bring up these points for review.

The plaintiffs claimed, that they were entitled to recover the weekly allowance down to the commencement of the suit, which was denied by the judge and the recovery limited as above set forth. The plaintiffs further claimed interest on the $58.24 (the amount conceded to have accrued down to the removal of the family) from that time to the trial, which was denied. They also claimed interest from the commencement of the suit to the time, which was also refused. Verdict for plaintiffs, $58.24.

The plaintiffs have made a bill of exceptions for the purpose of bringing up for review these questions.

*By the Court*, NELSON, Ch. J. 1. It has been repeatedly determined by this court that the order of filiation adjudging the bastard child chargeable to the town, or county, and fixing the weekly allowance to be paid by the putative father, is conclusive upon him, unless reversed or modified on appeal; and that the onus lies on him to show that he has been legally discharged from the obligation. (*Wallsworth* v. *Mead*, 9 Johns., 367; *Rockfeller* v. *Donnelly*, 8 Cow., 633; *The People* v. *Corbet*, 8 Wend., 520; 1 R. S., 651, § 48.)

The fact that the town, or county, has not been subjected to expense proves nothing; as it only shows that the law,

through the instrumentality of the public agents, has accomplished the object intended, to wit, the fixing the charge and expense upon the putative father.

The only reason why they have not been subjected to expense in this case is, the agreement and understanding on the part of the overseers with Moncrief that he will maintain the child for the weekly allowance, which was to be paid to him as fast as it could be collected of the defendant.

2. It is supposed the order of filiation is defective and void for not making the weekly allowance payable to the county superintendents, instead of to the overseers of the poor of the town, inasmuch as the distinction between town and county poor has been abolished in the county of Washington.

The 73d section of 1 R. S., 656, provides that the same proceedings may be had, in order to charge the father and mother of a bastard child with its support and maintenance, where the county is chargeable, as in the case of towns; and may be instituted by the *overseers of the poor of the town* in which the child is born, or likely to be born, or by the superintendents of the county.

By section 60 all moneys ordered to be paid by the putative father or by the mother of a bastard child chargeable to any county, shall be collected for the benefit of the county; and all overseers of the poor, &c., shall within fifteen days after the receipt of the moneys pay the same into the county treasury.

By the 24th section of the poor laws also (1 R. S., 619), all moneys collected by overseers of the poor of any town, in a county where the poor are all a county charge, from relatives, &c., and all other moneys, which shall be received by them in their official capacity, shall be paid over to the county treasurer, &c.

By section 59, where any money shall be paid to any overseers, pursuant to an order of any two justices, by the putative father, or by the mother of any bastard child, they may expend the same directly in support of the child, &c., without paying the same into the county treasury.

The poor law also provides (1 R. S., 618, § 18, subd. 8),

that the superintendents .shall direct the commencement of suits by the overseers of the poor, who shall be entitled to prosecute for any penalties, &c., or upon recognizances, bonds or other securities taken to indemnify any town or county, &c.

I am inclined to think that, even where the distinction between town and county poor has been abolished, the order of filiation may still be made in the name of the overseers of the poor, as well as in the name of the superintendents; and the suit, of course, when founded upon an order thus made, must be brought in their names.

The statute, we have seen, provides, in express terms, that they may institute and carry on the proceedings against the putative father before the justice or justices; and ample provision is made for the collection and application by them of the moneys, as contemplated by the law, the same as if in the name of the superintendents.

But it is not important, so far as this particular case is concerned, to express a definitive opinion upon the question, as we have no evidence before us that the distinction, upon which the objection is founded, exists in the county of Washington.

The statute of 1827 (Session Laws, p. 194, § 9) abolishes the distinction as soon as the poor-house therein shall be ready for the reception of paupers. We know not if the contingency has happened; that should have been shown in order to raise the objection.

3. The former suit, which was sought to be given in evidence, was doubtless admissible under the general issue (1 Chit. Pl., 476; 1 Ld. Raym., 566; 2 Phillip's ed., 166); but it was rightfully, rejected as the offer was made, to wit, in bar of the action. At most, the suit covered only a portion of the weekly allowance for which this suit was brought.

4. But the objection to the right of the plaintiffs to bring the suit in their name of office, alone, can not be got over. There are two cases already decided upon the very point, each of which holds that the suit must be brought in their individual names, with the addition of office. (*The town of*

*Galway* v. *Stimson*, 4 Hill, 136 ; *Commissioners of highways of town of Cortlandville* v. *Peck*, 5 id., 215.)

These cases were decided since the above suit was brought, which, doubtless, accounts for the error.

New trial granted, costs abide event.