Nicholson, C. J.,
delivered the opinion of the Court.
In December, 1861, the Legislature of Mississippi authorized the corporate authorities of the Mississippi & Tennessee Railroad Co. to issue small notes to, circulate as money, which notes the Company was bound, if required so to do, to redeem at Grenada, in Mississippi, when presented in sums not less than five dollars, either in gold or silver, or the notes of the-Confederate States, or in .other bank notes current at the time and place of presentation.
The Railroad Co. issued notes under this authority, which came into the hands of J. & T. Green, in denominations of three dollars, two dollars, one dollar^ *590 etc.; amounting in all to six thousand eight hwndred and twenty dollars, ($6,820.)
Profert is made of the notes and they are in the following form:
“Grenada, Miss. February 20, 1862.
The Mississippi & Tennessee Railroad Company will pay three dollars to bearer.
C. F. Vance, Treas. F. M. White, Pres’t.”
On the 9th of June, 1865, these notes were presented by J. & T. Green to the Railroad Company at their office in Grenada, Miss., and payment and redemption thereof demanded, according to the tenor and effect of the same and the enactment aforesaid, in gold or silver, or in current bank notes, all of which were then current or in existence: — there being, as plaintiffs aver, no such thing existing or current as the notes of the Confederate States, — which demand of redemption or payment was refused. On the 18th of December,. 1868, J. & T. Green commenced suit in the Circuit Court of Shejby county against the Railroad Company on said several notes, and filed their declaration, which sets forth the several -matters already recited.
At the January Term, 1869, to-wit: -on the ll'th of February, the plaintiffs below took judgment by default against the Railroad Company for eight thousand, one hwndred a/nd forty-nine 90-100, ($8,149.90), the amount of their claim, as ascertaiaed by simple calculation from the papers. The Railroad Company brings the case into this Court by writ of error. The judgment by default is an admission of the several aver- *591 ments in tbe declaration, and if a good cause of action is stated then plaintiffs are entitled to a recovery, but tbe amount of tbe recovery is dependent upon • the eharacter of tbe demand.
The first question that presents itself is, Have the plaintiffs stated in their declaration a good cause of action? There was no time fixed when the small notes issued were to be payable, nor was there any time specified within which they should be presented for redemption. They were therefore payable on demand, and when demanded the Company had the election to redeem them either in gold or silver or notes of the Confederate States, or bank notes that might then be current. The holders of the notes received them, in view of the. terms and conditions of the law which authorized their issuance. By these terms and conditions the holders could not claim payment until they had presented as much as five dollars and demanded their redemption. "When the holders had performed the condition precedent of making a demand, the Company was then bound to redeem, but they had the election to redeem either in gold, silver, Confederate notes, or current bank notes. In stating their cause of action in their declaration, the plaintiffs aver that they demanded payment in gold, or silver, or current bank notes, but that they did not demand payment in Confederate treasury notes. It is clear that to constitute a valid performance of the conditions precedent, it was essential that the demand should be so made that the Company could exercise its right of election as to which of the kinds of money or' *592 currency they would redeem in. Hence, to make a sufficient averment of a good cause of action, it was incumbent on the plaintiffs to state some valid legal excuse for not demanding payment in Confederate treasury notes. Plaintiffs state that they made their demand on the 9th of June, 1865, and that they did not demand payment in Confederate treasury notes because at that time there was no such thing existing or current as the notes of the Confederate States. Is this a sufficient legal excuse for failing to demand payment in Confederate notes? We know judicially that- on the 9th of June, 1865, the Confederate States had ceased to exist as a Government, and that it was then illegal to circulate Confederate treasury notes as a currency or to use them in payment of debts. When the small notes were issued, Confederate treasury notes were a lawful currency, and if the. small notes had been demanded before they became an illegal currency, the Company would have had the right to redeem their issues in Confederate notes, however much they may have been depreciated. But there was nothing in the conditions annexed to their issuance or circulation which required the holders of them to present them for payment within any specific time. They chose to hold on to them until it became unlawful for them to demand them in payment, or for the Company to use them in making payment. The law had therefore made it impossible for the plaintiffs to perform that portion of the condition precedent which required them to demand payment in Confederate notes. The non-performance of a contract will always be ex *593 cused, where it. is occasioned by act of law. Chitty on Contracts, 629; Cheny v. Cowan, 1 Dev. & Bat., 402; Stern v. Dermis, 3 Porter, 231; Brick Pres. Church v. The Mayor of New York, 5 Cow., 538.
It follows that the plaintiffs were excused from making-demand of payment in Confederate treasury notes, and therefore that they have stated a good cause of action, in their declaration. But it was error to render a judginent on default, without a jury to assess the-damages.
The Company had the right at the time of the demand to elect whether they would pay in gold, silver, or current bank notes. In the case of Hixon v. Hixon, 7 Hum., 34, this Court held, “that a party who had covenanted to pay $100 in Tennessee, Georgia or Alabama Bank notes, had a right to discharge himself by paying $100 in either description of Bank notes. He might have elected the least valuable, and if he failed to pay. either, the damage sustained by the payee was the value in money of the notes in. which payment might have been made.” In the present case the legal effect of the judgment by default was to entitle the plaintiffs to a verdict for the value-of current bank notes at the time of the demand of payment and refusal to pay by defendants, and this could only be properly ascertained in such case by empanelling a jury to asséss the damages. McDowell v. Kellar, 4 Cow., 258.
For this error the judgment is reversed and a new trial granted.