EPHRAIM B. TILLOTSON AND EZRA WEBBER, AS OVER-SEERS OF THE POOR OF THE TOWN OF CAZENOVIA, RESPONDENTS, *v.* JAMES H. MARTIN AND HUGH MARTIN, APPELLANTS.

*Proceedings to compel a father to provide for the support of a bastard child — form of the undertaking—by whom the action upon it is to be brought — Code of Criminal Procedure, secs. 851, 882, 883, 884 — Code of Civil Procedure, secs. 1915, 1984.*

One Martin having been adjudged to be the father of a bastard child and ordered to pay to the overseers of the poor of the town of Cazenovia for its support the weekly sum of one dollar and fifty cents, so long as said child shall be chargeable to said town, a bond was duly executed and delivered by which the said Martin, as principal, and the defendants, as sureties, bound themselves unto the people of the State of New York in the sum of $500, upon the condition that whereas it had by an order of the Court of Sessions been adjudged that Martin was the reputed father of a bastard child; and it was thereby "ordered that the said Henry Martin shall pay to Ephraim B. Tillotson, one of the overseers of the poor of

the town of Cazenovia, in said county, or his successors in office, the weekly sum of one dollar and fifty cents each and every week, to be become due and paid at the expiration of each and every four weeks from this date; now, therefore, if said Henry Martin shall pay the sums for the support of said bastard child as the same is ordered by said justices as aforesaid, or as shall at any time be ordered by the Court of General Sessions of the Peace of said county, and shall fully and amply indemnify the said county and every other county, town or city which may have incurred any expense, or may be put to any expense for the support of said child, against all such expenses, then this obligation to be void, otherwise of force."

Upon the trial of this action, brought by the overseers of the poor of the town of Cazenovia, the plaintiffs offered to show that the town had incurred expense in the support of the bastard child and of the mother during her confinement. The proof was excluded under the objection of the defendants.

*Held,* that an indorsement upon the bond by the justices making the order of the words "the penalty and sureties approved by us" was a sufficient compliance with section 851 of the Code of Criminal Procedure, requiring the party to enter into "an undertaking with sufficient sureties, approved by the magistrates."

That the instrument should be construed as containing a covenant to pay the sum of one dollar and fifty cents per week for the support of the child.

That it did not contain any substantial provision in excess of those authorized by the said section of the Code of Criminal Procedure.

That under section 882 of the Code of Civil Procedure the action was properly brought in the name of the overseers of the poor of the town which was liable for the support of the bastard.

That it was not necessary to prove upon the trial the actual payment by the overseers of the poor of the money sought to be recovered.

APPEAL from the judgment of the County Court of Madison county, affirming the judgment of a Justice's Court for six dollars and four cents damages and five dollars costs.

November 24, 1884, E. B. Tillotson, an overseer of the poor of the town of Cazenovia, made a written complaint before G. H. Benjamin, a justice of the peace, requiring the justice to make "inquiry into the facts and circumstances touching a bastard child born of Susan Robertson, chargeable to the county of Madison." On the same day Susan Robertson, in her examination before such justice, made oath that "she was delivered of a female bastard child, and that the said child is liable to be chargeable to the said county of Madison, and that Henry Martin hath gotten her with child of the said bastard child."

Thereupon a warrant was issued for the apprehension of Henry Martin. He was arrested and taken before the said justice and one

Burr Wendell, another justice of the peace associated with said Benjamin, and arraigned and "plead guilty to the complaint charged and set out in warrant." Thereupon the justices made an order wherein and whereby they did " adjudge him, the said Henry Martin, to be the father of said bastard child, and ordered that he pay to the overseers of the poor of said town, for the support of said child, the weekly sum of one dollar and fifty cents, so long as said child shall be chargeable to said town, and we hereby certify that the reasonable costs of arresting the said Henry Martin and of the order of filiation is the sum of eleven dollars and forty-five cents." Thereupon an instrument in writing was duly executed and delivered to the said justices, and the penalty and sureties approved by them, as follows : " Know all men by these presents that we, Henry Martin, as principal, and Hugh Martin, both of the town of Fenner, and James H. Martin, of the town of Cazenovia, in the county of Madison, are held and firmly bound unto the people of the State of New York in the sum of $500, for the payment whereof to said people we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this     day of November, 1884.

" The condition of this obligation is such that whereas, by an order this day duly made and subscribed by the undersigned justices of the peace, forming a Court of Sessions, it is adjudged that the said Henry Martin is the reputed father of a bastard child, born of the body of Susan Robertson, on the 11th day of March, 1881, and it is hereby ordered that the said Henry Martin shall pay to Ephriam B. Tillotson, one of the overseers of the poor of the town of Cazenovia, in said county, or his successors in office, the weekly sum of one dollar and fifty cents each and every week, to become due and be paid at the expiration of each and every four weeks from this date.

" Now, therefore, if said Henry Martin shall pay the sums for the support of said bastard child as the same is ordered by said justices as aforesaid, or as shall at any time be ordered by the Court of General Sessions of the Peace of said county and shall fully and amply indemnify the said county, and every other county, town or city, which may have incurred any expense, or may be put

to any expense for the support of said child against all such expenses, then this obligation to be void, otherwise of force.

                        " HENRY MARTIN.    [L. S.]

                        . " JAMES H. MARTIN.   [L. S.]

                        " HUGH X MARTIN.   [L. S.]
                               his
                                mark

" Sealed and delivered in }
    the presence of      }
                " M. MOOCHLER.

" The penalty and sureties approved by us.

                    " G. H. BENJAMIN,

                    " BURR WENDELL,

                              " *Justices of the Peace.*"

Upon the instrument there is an indorsement, viz.: " Received of Henry Martin, on the within, six dollars, December 24, 1884." Also, " received of James Martin, on within, six dollars, January 22, 1885."

This action is brought upon the foregoing instrument. It was shown upon the trial that after the execution of the foregoing instrument, the defendant was discharged and the instrument was delivered to one of the overseers of the poor of the town of Cazenovia. That the child resided in the town of Cazenovia. The plaintiff offered to show that the town of Cazenovia had incurred expense in the support of the bastard child and of the mother during her confinement. Proof was objected to by the defendants and excluded. The defendants raised various questions upon the motion for a nonsuit, among others : " That the instrument sued on is a bond with penalty, and unauthorized by statute and void. That it should have been an undertaking." Also, " that the bond was not taken in pursuance of any statute in force when the bond was taken, and comes clearly within the cases holding that such securities, taken by public officers, if taken under color of office are illegal, contrary to public policy and the spirit of the law, and void."

The motion for a nonsuit was denied and the justice rendered a judgment for damages six dollars and four cents, besides costs. It was proven that the plaintiffs were overseers, and were in November, 1884, overseers of the poor of the town of Cazenovia.

*H. D. Messenger* and *Charles Stebbins*, for the appellants.

*E. S. Moore*, for the respondents.

HARDIN, P. J. :

Section 851 of the Code of Criminal Procedure, provides as follows : " If the defendant be adjudged to be the father, he must immediatety pay the amount certified for the costs of the arrest and of the order of filiation, and enter into an undertaking with sufficient sureties, approved by the magistrates, to the effect, first, that he will pay weekly, or otherwise, as may have been ordered, the sum directed for the support of the child and of the mother during her confinement and recovery, or which may be ordered by the Court of Sessions of the county ; and that he will indemnify the county and town or city where the bastard was or may be born (as the case may be), and every other county, town or city which may have been or may be put to expense for the support of the bastard, or of its mother during her confinement and recovery against those expenses, or that the sureties will do so, not exceeding the sum mentioned in the undertaking, and which must be fixed by the magistrates." * * * In pursuance of this statute the instrument in question was executed and delivered.

We think the approval indorsed thereon by the justices, viz., " the penalty and sureties approved by us," may reasonably be construed as a compliance with the section we have quoted in respect to fixing the amount or sum to be mentioned in the undertaking.

We think the instrument should be construed as containing a covenant to pay the sum of one dollar and fifty cents per week for the support of the child, that being the sum directed by the order of filiation. In the condition of the instrument it is expressly recited, viz. : " If the said Henry Martin shall pay the sums for the support of said bastard child as the same is ordered by said justices as aforesaid, or as shall at any time be ordered by the Court of General Sessions of the Peace of said county, and shall fully and amply indemnify the said county and every other county, town or city which may have incurred any expense, or may be put to any expense, for the support of said child, against all such expenses, then this obligation to be void, otherwise of force."

We think this condition in the instrument must be treated as

equivalent to a covenant, and have " the same effect for the purpose of maintaining an action or special proceeding, or two or more successive actions or special proceedings thereupon, as if it contained a covenant to pay the sum or perform the act, specified in the condition thereof." (Code of Civ. Pro., § 1915.)

We think that the section just referred to contains a limitation of the amount which may be recovered on the instrument. It is provided in the section as follows : " But the damages to be recovered for a breach or successive breaches, of the condition, cannot, in the aggregate, exceed the penal sum, except where the condition is for the payment of money; in which case, they cannot exceed the penal sum, with interest thereupon from the time when the defendant made default in the performance of the condition." We are of the opinion that the instrument executed by the defendants did not contain any substantial provision in excess of the provision of the instrument authorized by section 851 of the Code of Criminal Procedure.

The case of *Cook* v. *Freudenthal* (80 N. Y., 202) is authority for saying, viz. : "That mere verbal variations from the statutory form may not make void an agreement or security." We are of the opinion that there was no substantial departure from the provisions of section 851 of the Code of Criminal Procedure. *Toles* v. *Adee* (84 N. Y., 224) approves of the last case cited.

*Second.* We think section 882 of the Code of Criminal Procedure authorizes an action to be brought in the name of " the overseers of the poor of the town which was liable for the support of the bastard." It was not necessary to prove upon the trial the actual payment of money by the overseers of the poor. (Code of Crim. Pro., § 883.) That section provides, also, viz. : " The neglect to pay a sum ordered to be paid by competent authority for the support of the bastard, or of its mother, is a breach of the undertaking, and the measure of the damages is the sum ordered to be paid, and which was withheld at the time of the commencement of the action, with interest thereon."

Prior to the adoption of that section it was held that in an action like the one before us, the burden is on the defendant to show himself exonerated from the payment. ( *Wallsworth* v. *Mead*, 9 Johns., 367 ; *Rockfeller* v. *Donnelly*, 8 Cow., 623.)

We think whatever money is collected in an action like this "must be paid to the county treasurer, and by him credited to the town in the same county liable to the support of the bastard." (Code of Crim. Pro., §§ 881, 884.)

*Third.* If we are right in supposing that section 882 of the Code of Criminal Procedure authorizes the action to be brought upon the instrument in question in the name of the overseers of the poor of the town liable for the support of the bastard, then it follows that the action falls within the exception prescribed in section 1984 of the Code of Civil Procedure. The latter section contains the following language : " An action, brought as prescribed in this title, except an action to recover a penalty or forfeiture, expressly given by law to a particular officer, must be brought in the name of the people of the State." If the forfeiture in question or right of action to recover upon the instrument authorized taken by section 851 of the Code of Criminal Procedure may be sued upon by the overseers of the poor of the town in virtue of section 882 of the Code of Criminal Procedure, then the general rule laid down in section 1984 of the Code of Civil Procedure does not apply.

We think there was sufficient proof of a default or forfeiture to the extent of six dollars, shown upon the trial, and that the justice was warranted in rendering a judgment for that sum, and finding that it remained unpaid at the time of the commencement of this action. We are inclined to think that the instrument in question may be treated as a part of the proceedings prescribed by the Code of Criminal Procedure in bastardy cases, and that applying the rule prescribed in section 684 of the Code of Criminal Procedure, it may be said that there was not such a departure from the form or mode prescribed by that Code, as tended to prejudice the defendants in respect to a substantial right. Section 684 provides that such departures from the form or mode prescribed shall not render the proceedings invalid unless the departure has " actually prejudiced the defendant or tended to his prejudice with respect to a substantial right."

We think no error was committed in permitting the proof of the facts conferring jurisdiction upon the justices who made the order of filiation. (Code of Civil Pro., § 532.)

Judgment of the County Court of Madison county affirming the justices' judgment affirmed, with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment of the County Court of Madison county affirming a justice's judgment affirmed, with costs.